Filed 7/20/15  P. v. Gaines CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E062783 |
| v. | (Super.Ct.No. FSB10844) |
| THURMAN GAINES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

David K. Rankin, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

**FACTUAL AND PROCEDURAL HISTORY**

On June 5, 1996, an information charged defendant and appellant Thurman Gaines with six counts of second degree robbery under Penal Code[1] section 211 (counts 1-6), and one count of possession of a firearm by a felon under former section 12021, subdivision (a)(1)[2] (count 7). The information also alleged that defendant personally used a firearm while committing the offenses alleged in counts 1 through 6 (§ 12011.5, subd. (a)), and that defendant suffered two strike priors (§ 667, subds. (b)-(i)).

On July 12, 1996, defendant pled guilty to counts 1 through 7, admitted the personal arming allegations in counts 1 through 6, and admitted a prior strike. On September 12, 1996, defendant was sentenced to an indeterminate term of 25 years to life on counts 1 through 7. The court also imposed the upper term of 10 years on each of the personal arming allegations in counts 1 through 6. The court stayed the sentences in counts 2 through 6, pursuant to section 654, subdivision (a).

On October 08, 2014, defendant filed a petition for recall of sentence under section 1170.126. On December 31, 2014, the trial court denied the petition. The court found that defendant was ineligible because his commitment offense is a serious felony.

On January 22, 2015, defendant filed a timely notice of appeal.

---

[1] All statutory references are to the Penal Code unless otherwise specified.

[2] Former section 12021, subdivision (a)(1), was repealed by Statutes 2010, chapter 711, section 4, effective January 1, 2011.

## DISCUSSION

After defendant appealed, and upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 setting forth a statement of the case, a summary of the facts, and potential arguable issues, and requesting this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no error.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
                J.

We concur:

RAMIREZ
     P. J.

CODRINGTON
     J.